Charles H. Chevalier
Michael V. Caracappa
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

*Attorneys for Plaintiffs Tonix Pharmaceuticals, Inc. and Tonix Pharma Limited*

OF COUNSEL:

Katherine A. Helm
Blaine Hackman
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500
khelm@dechert.com
blaine.hackman@dechert.com

Brian M. Goldberg
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19106-2808
(215) 994-4000
brian.goldberg@dechert.com

Shyam Shanker
**DECHERT LLP**
300 S. Tryon St., #800
Charlotte, North Carolina 28202
(704) 339-3100
shyam.shanker@dechert.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TONIX PHARMACEUTICALS, INC. and TONIX PHARMA LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES LTD., and DR. REDDY'S LABORATORIES, INC.<br><br>Defendants. | Civil Action No. 26-14677 |

## COMPLAINT

Tonix Pharmaceuticals, Inc. and Tonix Pharma Limited (collectively "Tonix" or "Plaintiffs"), for their complaint against Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL" or "Defendants"), hereby allege as follows:

## NATURE OF ACTION

1. This is an action for infringement of United States Patent Nos. 9,636,408 (the "'408 Patent"), 9,956,188 (the "'188 Patent"), 10,117,936 (the "'936 Patent"), and 10,864,175 (the "'175 Patent") (collectively the "Patents-in-Suit"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

2. Tonix also seeks declaratory judgment under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product (as detailed below) would directly and indirectly infringe the Patents-in-Suit.

## PARTIES

3. Plaintiff Tonix Pharmaceuticals, Inc. ("Tonix Pharmaceuticals") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Connell Drive, Berkeley Heights, New Jersey 07922. Tonix Pharmaceuticals is the holder of approved New Drug Application ("NDA") No. 219428.

4. Plaintiff Tonix Pharma Limited ("Tonix Pharma") is a company organized and existing under the laws of Ireland, having its principal place of business at 3 Marine Road, Dun Laoghaire, Dublin, Ireland A96 HW25. Tonix Pharma is the owner by assignment of the Patents-in-Suit. Tonix Pharma is a wholly-owned subsidiary of Tonix Pharmaceuticals.

5. On information and belief, Defendant Dr. Reddy's Laboratories Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Door No. 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India. On information and belief, Dr. Reddy's Laboratories Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of New Jersey and throughout the United States.

6. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 107 College Road East, Princeton, New Jersey 08540. On information and belief, Dr. Reddy's Laboratories, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of New Jersey and throughout the United States.

7. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a wholly owned subsidiary of Defendant Dr. Reddy's Laboratories Ltd.

8. On information and belief, Defendants Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. acted in concert to prepare and submit Abbreviated New Drug Application ("ANDA") No. 221664 ("DRL ANDA") to the United States Food and Drug Administration ("FDA").

9. On information and belief, Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. collaborate to develop, manufacture, seek regulatory approval for, import, market, distribute, and sell generic pharmaceutical products in the State of New Jersey and throughout the United States.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. This Court has personal jurisdiction over Defendant Dr. Reddy's Laboratories, Inc. because, on information and belief, it is incorporated in the State of New Jersey and has a principal place of business in Princeton, New Jersey; it maintains pervasive, continuous, and systematic contacts with the State of New Jersey through the marketing, distribution, and sale of generic versions of branded pharmaceutical products in the State of New Jersey and by deriving substantial revenue from the importation and sales of its products in the State of New Jersey; and it has previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having previously asserted claims and counterclaims in prior District of New Jersey actions. *See, e.g.*, *AbbVie Inc. et al v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 3:25-cv-19039, ECF No. 31 (D.N.J. Mar. 24, 2026); *Incyte Corp. et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 1:25-cv-17832, ECF No. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03967, ECF No. 11 (D.N.J. July 14, 2025); *Aurinia Pharms. Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03693, ECF No. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 2:24-cv-07875, ECF No. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:24-cv-07799, ECF No. 16 (D.N.J. Aug. 27, 2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Laby's, Ltd.*, Civ. No. 3:24-cv-06833, ECF No. 35 (D.N.J. Sept. 9, 2024).

12. This Court also has personal jurisdiction over Dr. Reddy's Laboratories Ltd. because, on information and belief, it maintains pervasive, continuous, and systematic contacts with the State of New Jersey through the marketing, distribution, and sale of generic

versions of branded pharmaceutical products in the State of New Jersey and by deriving substantial revenue from the importation and sales of its products in the State of New Jersey; and it has previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having previously asserted claims and counterclaims in prior District of New Jersey actions. *See, e.g., AbbVie Inc. et al v. Dr. Reddy's Laby's, Ltd. et al*, Civ. No. 3:25-cv-19039, ECF No. 31 (D.N.J. Mar. 24, 2026); *Incyte Corp. et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 1:25-cv-17832, ECF No. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03967, ECF No. 11 (D.N.J. July 14, 2025); *Aurinia Pharms. Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:25-cv-03693, ECF No. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Laby's, Ltd. et al,* Civ. No. 2:24-cv-07875, ECF No. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Laby's, Inc. et al*, Civ. No. 2:24-cv-07799, ECF No. 16 (D.N.J. Aug. 27, 2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Laby's, Ltd.*, Civ. No. 3:24-cv-06833, ECF No. 35 (D.N.J. Sept. 9, 2024).

13. Alternatively, this Court may exercise jurisdiction over Dr. Reddy's Laboratories Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) to the extent that Dr. Reddy's Laboratories Ltd., as a foreign defendant, is not subject to personal jurisdiction in any state's court of general jurisdiction, based on Dr. Reddy's Laboratories Ltd.'s contacts with the United States as a whole, including without limitation through the manufacture, importation, distribution, and sales of its pharmaceutical products throughout the United States, including in this judicial district.

14. Venue is proper in this district as to Dr. Reddy's Laboratories, Inc., pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Dr. Reddy's Laboratories, Inc. is incorporated in the State of New Jersey and thus resides in this judicial district.

15. Venue is proper in this district as to Dr. Reddy's Laboratories Ltd., pursuant to 28 U.S.C. § 1391(c)(3), because Dr. Reddy's Laboratories Ltd. is a foreign corporation not residing in any judicial district and may be sued in any judicial district that has personal jurisdiction, including this judicial district.

**THE DRUG APPROVAL PROCESS**

16. A company seeking to market a new pharmaceutical drug in the United States must first obtain approval from the U.S. Food and Drug Administration ("FDA"), typically through the filing of a New Drug Application ("NDA"). *See* 21 U.S.C. § 355(a). The sponsor of the NDA is required to submit to FDA information on all patents claiming the drug that is the subject of the NDA, or a method of using that drug, and FDA then lists the patent information in its publication, the *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book." *See* 21 U.S.C. § 355(b)(1) and (c)(2).

17. Alternatively, a company seeking to market a generic version of a previously approved drug is not required to submit a full NDA. Instead, it may file an Abbreviated New Drug Application ("ANDA"). *See* 21 U.S.C. § 355(j). The generic drug approval process is considered "abbreviated" because the generic manufacturer may piggyback on the innovator company's data and FDA's prior finding of safety and efficacy by demonstrating, among other things, that the generic product is bioequivalent to the previously approved drug (the "reference listed drug" or "branded drug").

18. In conjunction with this "abbreviated" application process, Congress has put in place a process for resolving patent disputes relating to generic drugs, pursuant to which an ANDA filer must provide certifications addressing each of the patents listed in the Orange Book for the branded drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12). An

ANDA filer may certify, for instance, that it believes a patent is invalid or will not be infringed by the manufacture, use, or sale of the generic drug for which the ANDA is submitted. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV); *see also* 21 C.F.R. § 314.94(a)(12)(i)(A)(4). This is known as a "Paragraph IV Certification."

19. The filer of an ANDA with a Paragraph IV Certification must also provide notice to both the owner of the listed patents and the holder of the NDA for the referenced listed drug. This "Paragraph IV Notice" must include a detailed statement of the factual and legal bases for the ANDA filer's belief that the challenged patent(s) is invalid or not infringed by the proposed generic product. *See* 21 U.S.C. § 355(j)(2)(B); 21 C.F.R. § 314.95.

20. If the patentee or NDA holder files a patent infringement action within 45 days of receiving a Paragraph IV Notice from an ANDA filer, final approval of the ANDA is subject to a 30-month stay, subject to the statutory requirements and exceptions, including provisions allowing the stay to be extended. *See* 21 U.S.C. § 355(j)(5)(B)(iii); 21 C.F.R. § 314.107(b)(3). The 30-month stay is important to the innovator companies because it protects them from the severe financial harm that could otherwise ensue from the FDA granting approval to an infringing product without first providing an opportunity for the infringement case to be resolved. Put another way, the innovator company is assured of a 30-month period during which it may try to enforce its intellectual property rights and resolve any patent dispute before the generic product enters the market. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

## FACTUAL BACKGROUND

### The Patents-in-Suit

21. On May 2, 2017, the U.S. Patent and Trademark Office ("PTO") duly and legally issued the '408 Patent, entitled "Eutectic Formulations of Cyclobenzaprine

Hydrochloride and Amitriptyline Hydrochloride." Tonix Pharma is the owner by assignment of the ’408 Patent. A true and correct copy of the ’408 Patent is attached as Exhibit A.

22. On May 1, 2018, the PTO duly and legally issued the ’188 Patent, entitled "Eutectic Formulations of Cyclobenzaprine Hydrochloride and Amitriptyline Hydrochloride." Tonix Pharma is the owner by assignment of the ’188 Patent. A true and correct copy of the ’188 Patent is attached as Exhibit B.

23. On November 6, 2018, the PTO duly and legally issued the ’936 Patent, entitled "Eutectic Formulations of Cyclobenzaprine Hydrochloride and Amitriptyline Hydrochloride." Tonix Pharma is the owner by assignment of the ’936 Patent. A true and correct copy of the ’936 Patent is attached as Exhibit C.

24. On December 15, 2020, the PTO duly and legally issued the ’175 Patent, entitled "Eutectic Formulations of Cyclobenzaprine Hydrochloride and Amitriptyline Hydrochloride." Tonix Pharma is the owner by assignment of the ’175 Patent. A true and correct copy of the ’175 Patent is attached as Exhibit D.

**TONMYA®**

25. TONMYA® (cyclobenzaprine HCl) is the first FDA-approved fibromyalgia treatment since 2009. TONMYA® is a pharmaceutical composition containing a eutectic of cyclobenzaprine hydrochloride and mannitol.

26. A eutectic is a mixture of two or more substances that melts or freezes at a lower temperature than any of its individual parts. TONMYA® is the first pharmaceutical composition containing a eutectic of cyclobenzaprine hydrochloride. TONMYA® tablets dissolve rapidly when placed under the tongue, permitting significant amounts of cyclobenzaprine to be rapidly absorbed directly via transmucosal absorption through the tissues

of the mouth and into the bloodstream, bypassing the digestive system and first pass hepatic metabolism.

27. TONMYA® is an effective and tolerable treatment of fibromyalgia, as demonstrated through randomized, double-blind, placebo-controlled clinical trials.

28. Fibromyalgia is a chronic pain condition that is characterized by widespread pain, fatigue, non-restorative sleep, and other symptoms.

29. TONMYA® has an FDA-approved shelf life of 48 months from the date of manufacture and TONMYA® tablets are labeled for storage at USP controlled room temperature.

30. On October 15, 2024, Tonix Pharmaceuticals, Inc. submitted New Drug Application ("NDA") No. 219428, under § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking FDA approval for the treatment of fibromyalgia in adults using a pharmaceutical composition containing a eutectic of cyclobenzaprine hydrochloride, i.e., TONMYA®.

31. On August 15, 2025, the FDA approved NDA 219428 for TONMYA® (cyclobenzaprine hydrochloride sublingual tablets) for the treatment of fibromyalgia in adults.

32. Tonix Pharmaceuticals, Inc. is the holder of NDA 219428, including all supplements thereto, for TONMYA®.

33. Tonix Pharmaceuticals, Inc. timely submitted information regarding the Patents-in-Suit for listing in the "Orange Book" with respect to TONMYA®, pursuant to 21 U.S.C. § 355(b)(1) and (c)(2). The FDA thereafter listed the Patents-in-Suit in the Orange Book with respect to TONMYA®, pursuant to 21 C.F.R. § 314.53(e).

34. The FDA-approved label for TONMYA®, *inter alia*, provides information and instructions for the safe and effective use of TONMYA® by healthcare providers and patients. A true and correct copy of the current TONMYA® label is attached as Exhibit E.

**DRL's Infringing Proposed ANDA Product: Cyclobenzaprine Hydrochloride Sublingual Tablets**

35. Upon information and belief, on or before September 29, 2026, Dr. Reddy's Laboratories, Inc., with the active involvement of Dr. Reddy's Laboratories Ltd., submitted ANDA No. 221664 (the "DRL ANDA") pursuant to 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, importation, use, offer for sale, marketing, and sale of proposed generic cyclobenzaprine hydrochloride sublingual tablets, referencing TONMYA® as the reference listed drug (the "Proposed ANDA Product").

36. DRL sent Tonix a notice, dated September 29, 2026, stating that DRL had submitted the DRL ANDA seeking approval to manufacture, import, use, market, offer to sell, and sell the Proposed ANDA Product prior to the expiration of the Patents-in-Suit (the "Paragraph IV Notice").

37. Tonix first received the Paragraph IV Notice on October 1, 2026.

38. The Paragraph IV Notice asserts that the Patents-in-Suit are invalid, unenforceable, and not infringed by the commercial manufacture, use, importation, marketing, offer for sale or sale of the Proposed ANDA Product.

39. The Paragraph IV Notice included an Offer of Confidential Access ("OCA") to the DRL ANDA pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

40. The Paragraph IV Notice's OCA imposed unreasonable restrictions on Plaintiffs' ability to fully assess evidence of DRL's infringement. The Paragraph IV Notice's OCA did not comply with the Hatch-Waxman Act. Under 21 U.S.C. § 355(j)(5)(C)(i)(III), an

OCA "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." DRL's OCA contained unreasonable restrictions, above and beyond those that would apply under a protective order. For example, DRL's OCA (i) excluded any access by in-house legal representatives of Tonix; (ii) included an overbroad prosecution bar for patent prosecution "concerning cyclobenzaprine" which extends the scope of the prosecution bar to medicines not at issue that contain the same active pharmaceutical ingredient; (iii) included an overbroad prosecution bar for any patent prosecution concerning cyclobenzaprine "for a period of 30 months" following access, an excessively long period of time; and (iv) applied a use restriction that "imposes an ongoing duty with no expiration" with no exceptions such as, for instance, when information becomes public.

41. DRL's submission of the DRL ANDA to the FDA constitutes infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A), and any commercial manufacture, importation, use, offer to sell, or sale of the Proposed ANDA Product by Defendants before the expiration of the Patents-in-Suit would infringe the Patents-in-Suit, as detailed below.

**COUNT I**
**<u>INFRINGEMENT OF THE '408 PATENT</u>**

42. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

43. The submission of the DRL ANDA to the FDA, including the Paragraph IV Certifications submitted therewith, which seeks approval to engage in the commercial manufacture, importation, use, marketing, offer for sale, and sale of the Proposed ANDA Product

prior to the expiration of the ’408 Patent, constitutes infringement by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. of the ’408 Patent under 35 U.S.C. § 271(e)(2)(A).

44. If the FDA approves the DRL ANDA and by virtue of the activities described below, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. will infringe the ’408 Patent by the commercial manufacture, use, marketing, offer for sale, or sale of the proposed generic version of TONMYA® in the United States and/or the importation of such proposed generic drug product into the United States, or by actively inducing or contributing to such infringement by others, in violation of 35 U.S.C. § 271(a)-(c).

45. In particular, and among other things, the commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to such infringement of at least claim 1 of the ’408 Patent, which recites as follows:

> 1. A pharmaceutical composition comprising a eutectic composition of 25%±2% by weight of mannitol and 75%±2% by weight of Cyclobenzaprine HCl, wherein the euteutic composition melts at 143° C.±3° C.

46. On information and belief, the Proposed ANDA Product will substantively copy the TONMYA® label. *See* 21 C.F.R. § 314.94(a)(8)(iv).

47. On information and belief, the Proposed ANDA Product is a pharmaceutical composition comprising a eutectic composition of cyclobenzaprine HCl.

48. On information and belief, the Proposed ANDA Product contains mannitol, or an equivalent thereof, in an amount sufficient to form a eutectic with cyclobenzaprine HCl.

49. On information and belief, and subject to Tonix’s ongoing investigation, the Proposed ANDA Product satisfies each of the other recited elements of the pharmaceutical

composition recited in at least claim 1, either literally or under the doctrine of equivalents, such that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would infringe at least claim 1 of the ’408 Patent.

50. In addition to directly infringing the ’408 Patent, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would knowingly, intentionally, and actively induce, encourage, and contribute to direct infringement, by virtue of the labeling to be included for the Proposed ANDA Product instructing patients and healthcare professionals to use and/or administer the Proposed ANDA Product in the same manner as TONMYA®.

51. On information and belief, patients and healthcare professionals will use and/or administer the Proposed ANDA Product in accordance with the labeling to be included for the Proposed ANDA Product and therefore will use the Proposed ANDA Product in a manner that infringes at least claim 1 of the ’408 Patent, either literally or under the doctrine of equivalents.

52. Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would induce and contribute to that infringement with full knowledge of the ’408 Patent, knowing that the conduct it was encouraging and contributing to would constitute infringement of the ’408 Patent.

53. Any launch by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. of the Proposed ANDA Product before expiration of the ’408 Patent would cause Tonix to suffer immediate and irreparable harm.

54. Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s infringement of the ’408 Patent is willful.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT OF THE ’408 PATENT**

55. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

56. For the reasons explained in Count I above, if the FDA were to approve the DRL ANDA, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the ’408 Patent under 35 U.S.C. §§ 271(a)-(c).

57. Any launch by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. of the Proposed ANDA Product before expiration of the ’408 Patent would cause Tonix to suffer immediate and irreparable harm.

58. Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s infringement of the ’408 Patent would be willful.

59. Tonix understands based on the Paragraph IV Notice that Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would dispute that they would be liable for such infringement. Accordingly, there is a definite and concrete controversy between Tonix and Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. as to whether Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the ’408 Patent. Tonix is entitled to a declaratory judgment that it would.

**COUNT III**
**INFRINGEMENT OF THE ’188 PATENT**

60. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

61. The submission of the DRL ANDA to the FDA, including the Paragraph IV Certifications submitted therewith, which seeks approval to engage in the commercial manufacture, importation, use, marketing, offer for sale, and sale of the Proposed ANDA Product prior to the expiration of the ’188 Patent, constitutes infringement by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. of the ’188 Patent under 35 U.S.C. § 271(e)(2)(A).

62. If the FDA approves the DRL ANDA and by virtue of the activities described below, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. will infringe the ’188 Patent by the commercial manufacture, use, marketing, offer for sale, or sale of the proposed generic version of TONMYA® in the United States and/or the importation of such proposed generic drug product into the United States, or by actively inducing or contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c).

63. In particular, and among other things, the commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to such infringement of at least claim 1 of the ’188 Patent, which recites as follows:

> 1. A eutectic of mannitol and cyclobenzaprine HCl, comprising 75%±2% cyclobenzaprine HCl and 25%±2% mannitol by weight.

64. On information and belief, the Proposed ANDA Product will substantively copy the TONMYA® label. *See* 21 C.F.R. § 314.94(a)(8)(iv).

65. On information and belief, the Proposed ANDA Product is a composition of a eutectic of cyclobenzaprine HCl.

66. On information and belief, the Proposed ANDA Product contains mannitol, or an equivalent thereof, in an amount sufficient to form a eutectic with cyclobenzaprine HCl.

67. On information and belief, and subject to Tonix's ongoing investigation, the Proposed ANDA Product satisfies each of the other recited elements of the eutectic recited in at least claim 1, either literally or under the doctrine of equivalents, such that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would infringe at least claim 1 of the '188 Patent.

68. In addition to directly infringing the '188 Patent, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would knowingly, intentionally, and actively induce, encourage, and contribute to direct infringement, by virtue of the labeling to be included for the Proposed ANDA Product instructing patients and healthcare professionals to use and/or administer the Proposed ANDA Product in the same manner as TONMYA®.

69. On information and belief, patients and healthcare professionals will use and/or administer the Proposed ANDA Product in accordance with the labeling to be included for the Proposed ANDA Product and therefore will use the Proposed ANDA Product in a manner that infringes at least claim 1 of the '188 Patent, either literally or under the doctrine of equivalents.

70. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would induce and contribute to that infringement with full knowledge of the '188 Patent, knowing that the conduct it was encouraging and contributing to would constitute infringement of the '188 Patent.

71. Any launch by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the Proposed ANDA Product before expiration of the '188 Patent would cause Tonix to suffer immediate and irreparable harm.

72. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s infringement of the '188 Patent is willful.

**COUNT IV**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT OF THE '188 PATENT**

73. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

74. For the reasons explained in Count III above, if the FDA were to approve the DRL ANDA, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the '188 Patent under 35 U.S.C. §§ 271(a)-(c).

75. Any launch by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the Proposed ANDA Product before expiration of the '188 Patent would cause Tonix to suffer immediate and irreparable harm.

76. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s infringement of the '188 Patent would be willful.

77. Tonix understands based on the Paragraph IV Notice that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would dispute that they would be liable for such infringement. Accordingly, there is a definite and concrete controversy between Tonix and Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. as to whether Dr. Reddy's

Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '188 Patent. Tonix is entitled to a declaratory judgment that it would.

**COUNT V**
**INFRINGEMENT OF THE '936 PATENT**

78. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

79. The submission of the DRL ANDA to the FDA, including the Paragraph IV Certifications submitted therewith, which seeks approval to engage in the commercial manufacture, importation, use, marketing, offer for sale, and sale of the Proposed ANDA Product prior to the expiration of the '936 Patent, constitutes infringement by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the '936 Patent under 35 U.S.C. § 271(e)(2)(A).

80. If the FDA approves the DRL ANDA and by virtue of the activities described below, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. will infringe the '936 Patent by the commercial manufacture, use, marketing, offer for sale, or sale of the proposed generic version of TONMYA® in the United States and/or the importation of such proposed generic drug product into the United States, or by actively inducing or contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c).

81. In particular, and among other things, the commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to such infringement of at least claim 1 of the '936 Patent, which recites as follows:

> 1. A pharmaceutical composition comprising a eutectic of 25%±2% mannitol and 75%±2% Cyclobenzaprine HCl by weight, wherein the mannitol is β-mannitol or δ-mannitol.

82. On information and belief, the Proposed ANDA Product will substantively copy the TONMYA® label. *See* 21 C.F.R. § 314.94(a)(8)(iv).

83. On information and belief, the Proposed ANDA Product is a pharmaceutical composition comprising a eutectic composition of cyclobenzaprine HCl.

84. On information and belief, the Proposed ANDA Product contains mannitol, or an equivalent thereof, in an amount sufficient to form a eutectic with cyclobenzaprine HCl.

85. On information and belief, and subject to Tonix's ongoing investigation, the Proposed ANDA Product satisfies each of the other recited elements of the pharmaceutical composition recited in at least claim 1, either literally or under the doctrine of equivalents, such that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would infringe at least claim 1 of the '936 Patent.

86. In addition to directly infringing the '936 Patent, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would knowingly, intentionally, and actively induce, encourage, and contribute to direct infringement, by virtue of the labeling to be included for the Proposed ANDA Product instructing patients and healthcare professionals to use and/or administer the Proposed ANDA Product in the same manner as TONMYA®.

87. On information and belief, patients and healthcare professionals will use and/or administer the Proposed ANDA Product in accordance with the labeling to be included for the Proposed ANDA Product and therefore will use the Proposed ANDA Product in a manner that infringes at least claim 1 of the '936 Patent, either literally or under the doctrine of equivalents.

88. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would induce and contribute to that infringement with full knowledge of the '936 Patent, knowing that the conduct it was encouraging and contributing to would constitute infringement of the '936 Patent.

89. Any launch by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the Proposed ANDA Product before expiration of the '936 Patent would cause Tonix to suffer immediate and irreparable harm.

90. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s infringement of the '936 Patent is willful.

**COUNT VI**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT OF THE '936 PATENT**

91. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

92. For the reasons explained in Count V above, if the FDA were to approve the DRL ANDA, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the '936 Patent under 35 U.S.C. §§ 271(a)-(c).

93. Any launch by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the Proposed ANDA Product before expiration of the '936 Patent would cause Tonix to suffer immediate and irreparable harm.

94. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s infringement of the '936 Patent would be willful.

95. Tonix understands based on the Paragraph IV Notice that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would dispute that they would be liable for such infringement. Accordingly, there is a definite and concrete controversy between Tonix and Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. as to whether Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '936 Patent. Tonix is entitled to a declaratory judgment that it would.

**COUNT VII**
**INFRINGEMENT OF THE '175 PATENT**

96. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

97. The submission of the DRL ANDA to the FDA, including the Paragraph IV Certifications submitted therewith, which seeks approval to engage in the commercial manufacture, importation, use, marketing, offer for sale, and sale of the Proposed ANDA Product prior to the expiration of the '175 Patent, constitutes infringement by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the '175 Patent under 35 U.S.C. § 271(e)(2)(A).

98. If the FDA approves the DRL ANDA and by virtue of the activities described below, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. will infringe the '175 Patent by the commercial manufacture, use, marketing, offer for sale, or sale of the proposed generic version of TONMYA® in the United States and/or the importation of such proposed generic drug product into the United States, or by actively inducing or contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c).

99. In particular, and among other things, the commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA

Product would lead to such infringement of at least claim 1 of the ’175 Patent, which recites as follows:

> 1. A eutectic of Cyclobenzaprine HCl and β-mannitol comprising 75%±2% cyclobenzaprine HCl and 25%±2% β-mannitol by weight.

100. On information and belief, the Proposed ANDA Product will substantively copy the TONMYA® label. *See* 21 C.F.R. § 314.94(a)(8)(iv).

101. On information and belief, the Proposed ANDA Product is a eutectic of cyclobenzaprine HCl.

102. On information and belief, the Proposed ANDA Product contains mannitol, or an equivalent thereof, in an amount sufficient to form a eutectic with cyclobenzaprine HCl.

103. On information and belief, and subject to Tonix’s ongoing investigation, the Proposed ANDA Product satisfies each of the other recited elements of the eutectic recited in at least claim 1, either literally or under the doctrine of equivalents, such that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would infringe at least claim 1 of the ’175 Patent.

104. In addition to directly infringing the ’175 Patent, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would knowingly, intentionally, and actively induce, encourage, and contribute to direct infringement, by virtue of the labeling to be included for the Proposed ANDA Product instructing patients and healthcare professionals to use and/or administer the Proposed ANDA Product in the same manner as TONMYA®.

105. On information and belief, patients and healthcare professionals will use and/or administer the Proposed ANDA Product in accordance with the labeling to be included

for the Proposed ANDA Product and therefore will use the Proposed ANDA Product in a manner that infringes at least claim 1 of the ’175 Patent, either literally or under the doctrine of equivalents.

106. Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. would induce and contribute to that infringement with full knowledge of the ’175 Patent, knowing that the conduct it was encouraging and contributing to would constitute infringement of the ’175 Patent.

107. Any launch by Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd. of the Proposed ANDA Product before expiration of the ’175 Patent would cause Tonix to suffer immediate and irreparable harm.

108. Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s infringement of the ’175 Patent is willful.

**COUNT VIII**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT OF THE ’175 PATENT**

109. Tonix incorporates each of the preceding paragraphs as if fully set forth herein.

110. For the reasons explained in Count VII above, if the FDA were to approve the DRL ANDA, Dr. Reddy’s Laboratories, Inc. and Dr. Reddy’s Laboratories Ltd.’s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would lead to direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the ’175 Patent under 35 U.S.C. §§ 271(a)-(c).

111. Any launch by Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. of the Proposed ANDA Product before expiration of the '175 Patent would cause Tonix to suffer immediate and irreparable harm.

112. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s infringement of the '175 Patent would be willful.

113. Tonix understands based on the Paragraph IV Notice that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. would dispute that they would be liable for such infringement. Accordingly, there is a definite and concrete controversy between Tonix and Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. as to whether Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '175 Patent. Tonix is entitled to a declaratory judgment that it would.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. have infringed the '408 Patent, and a declaration that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '408 Patent;

B. A judgment that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. have infringed the '188 Patent, and a declaration that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '188 Patent;

C. A judgment that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. have infringed the '936 Patent, and a declaration that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '936 Patent;

D. A judgment that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. have infringed the '175 Patent, and a declaration that Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd.'s commercial manufacture, use, marketing, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product would infringe the '175 Patent;

E. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of the DRL ANDA No. 221664 under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), shall not be earlier than the latest expiration date, including any applicable extensions, of any Patent-in-Suit found infringed;

F. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283, restraining and enjoining Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd., their respective officers, agents, servants and employees, and those persons in active concert or participation with any of them, from infringement of the Patents-in-Suit for the full terms thereof, including any extensions;

G. An order that damages or other monetary relief be awarded to Plaintiffs if Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. engage in the commercial manufacture, use, marketing, offer for sale, sale, and/or importation of the Proposed ANDA Product prior to the expiration of the Patents-in-Suit for the full terms thereof (including any

extensions), and that such damages or monetary relief be trebled and awarded to Plaintiffs with prejudgment interest;

H. A declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

I. Costs and expenses incurred by Plaintiffs in this action; and

J. Such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Date: November 13, 2026

**FBT GIBBONS LLP**

/s/ Charles H. Chevalier
Charles H. Chevalier
Michael V. Caracappa
One Gateway Center
Newark, New Jersey 07102-5310
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

*Attorneys for Plaintiffs Tonix Pharmaceuticals, Inc. and Tonix Pharma Limited*

OF COUNSEL:

Katherine A. Helm
Blaine Hackman
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500
khelm@dechert.com
blaine.hackman@dechert.com

Brian M. Goldberg
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19106-2808
(215) 994-4000
brian.goldberg@dechert.com

Shyam Shanker
**DECHERT LLP**
300 S. Tryon St., #800
Charlotte, North Carolina 28202
(704) 339-3100
shyam.shanker@dechert.com

*Attorneys for Plaintiffs Tonix Pharmaceuticals, Inc. and Tonix Pharma Limited*